Channapragada S. RAO, also known as Rao S. Channapragada, Plaintiff,

v.

PARKING ASSOCIATES CORPORATION, a California Corporation, and New York Telephone Company, Defendants and Third-Party Plaintiff,

The PORT OF NEW YORK AUTHORITY, New York Telephone Company, United Airlines, Incorporated, and Trans-World Airlines, Inc., Third-Party Defendants.

Civ. No. 14013.

United States District Court
E. D. New York.
Feb. 21, 1957.

See also, D.C., 122 F.Supp. 595.

Bigham, Englar, Jones & Houston, New York City, for third-party defendant Trans World Airlines, Inc., P. G. Pennoyer, Jr., New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City for third-party defendant United Airlines, Inc., D. B. Bowring, New York City, of counsel.

Alexander & Green, New York City, for defendant and third-party plaintiff, A. C. Moran, New York City, of counsel.

RAYFIEL, District Judge.

The third-party defendants Trans-World Airlines, Inc., hereinafter called Trans-World, and United Airlines Incorporated, hereinafter called United, move to dismiss the third party complaint, as to them, pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that it fails to state a claim upon which relief can be granted.

The plaintiff's amended complaint alleges, *inter alia*, that the defendant, Parking Associates Corporation, hereinafter called Parking, leased, managed, operated and controlled a certain parking lot at LaGuardia Airport; that the defendant, New York Telephone Company, hereinafter called New York, erected a telephone pole thereon; and that plaintiff, while lawfully on the said parking lot, was injured as a result of the carelessness, recklessness and negligence of said defendants.

After Parking answered the said amended complaint it applied for and obtained leave, as a third-party plaintiff, to serve summonses and complaints upon the Port of New York Authority, hereinafter called Port Authority, New York, United and Trans-World for the recovery from them of such sums as it might be obliged to pay to the plaintiff.

The paragraphs of the third-party complaint which are pertinent here allege (1) that the plaintiff seeks damages for injuries sustained by him because of an abrupt change of grade at a place in the parking lot where there was inadequate illumination; (2) that the said parking lot was a non-public area used for the parking of cars belonging to employees of Trans-World and United, and was operated and maintained by them and the third-party defendant, Port Authority; (3) that the third-party plaintiff's obligation was solely to issue stickers monthly for a nominal fee to persons designated by Trans-World and United, and to guard one of the entrances to the parking lot during certain hours of the day in order to prohibit unauthorized personnel from using the same; (4) that the grading and lighting of the

said lot were responsibilities of Port Authority; (5) that the inspection, maintenance and cleaning of the lot were responsibilities of Port Authority, Trans-World and United; (6) that the change of grade alleged in the complaint was created by New York without notice to the third-party plaintiff; (7) that the third-party plaintiff's liability to the plaintiff, if any, is secondary only, amounting at most to passive negligence respecting a condition created by the third-party defendants, Port Authority and New York, and maintained by Port Authority, United and Trans-World; (8) that the third-party defendants are primarily liable, and are obligated to indemnify and save harmless the third-party plaintiff.

United and Trans-World base their attack on the third-party complaint on two grounds: first, that the third-party plaintiff, Parking, denies *any* negligence on its part, and claims that it cannot be held liable since the conditions which caused the plaintiff's injury were created by the third-party defendants, New York and Port Authority, ergo: it can have no claim against Trans-World and United since it has incurred no liability against which it may seek indemnification; second, that since the third-party complaint alleges that Trans-World and United merely had the duty of "inspection, maintaining and cleaning" the parking lot, they could only be secondary or passive wrongdoers while Port Authority and New York were the active wrongdoers, and, therefore, they may not be impleaded.

I disagree. The third-party complaint alleges that Trans-World and United had the duty of *maintaining, inspecting* and *cleaning* the lot in question. The language is sufficiently broad to impose liability upon them if the facts should warrant it.

Rule 14(a) of the Federal Rules of Civil Procedure should be liberally construed, so that *all* claims arising out of the same occurrence may be disposed of in the same action.

Accordingly, both motions are denied. Settle order on notice.